UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS J. EVANKO,            :
                            :
        Plaintiff,       :CIVIL ACTION NO. 3:06-CV-2440
                            :
        v.                :
                            :(JUDGE CONABOY)
MANAGEMENT & TRAINING CORP.,  :
                            :
        Defendant.       :
                            :

---

## MEMORANDUM

Here we consider Defendant's Motion for Summary Judgment (Doc. 26) filed on October 18, 2007.  (Doc. 2-1.)  The Court previously granted this motion on the procedural basis that Plaintiff Thomas J. Evanko ("Plaintiff") did not timely file a brief in opposition. (Doc. 32.)  However, the Court granted Plaintiff's Motion for Reconsideration (Doc. 43) by Order of January 3, 2008, (Doc. 47). Following completion of the briefing schedule, the Court heard oral argument on March 6, 2008, and we now consider the merits of Defendant's Motion for Summary Judgment (Doc. 26).

In its Motion and supporting documents, Defendant Management and Training Corporation ("Defendant") seeks judgment in its favor on Plaintiff's claim that it acted negligently in the supervision of three students who left its Keystone Job Corps facility in Drums, Pennsylvania, without permission, the trio subsequently threatened Plaintiff at a mall parking lot in Hazle Township, Pennsylvania, and one of them struck Plaintiff in the face causing

1

a broken jaw (Doc. 1-3).  (Doc. 27 at 7.)  Defendant also contends
that summary judgment is appropriate on Plaintiff's claim for
punitive damages because it did not act in a manner that was wanton
and reckless such that an award of punitive damages could be
warranted.  (Doc. 27 at 13.)  On January 10, 2008, Plaintiff filed
Plaintiff's Brief in Opposition to Defendant's Motion for Summary
Judgment.  (Doc. 48.)  Defendant filed its reply brief on January
17, 2008.  (Doc. 56.)  As noted above, the Court also heard oral
argument on Defendant's motion on March 6, 2008.

For the reasons discussed below, we conclude Defendant has met
its burden of showing there is no genuine issue of material fact
and it is entitled to judgment as a matter of law.  We further
conclude that summary judgment is proper because Plaintiff has not
come forward with the evidence necessary to show the existence of
an essential element of his claim.

## I. Background[1]

Defendant is a corporation headquartered in Utah which has a
contract with the Department of Labor, Job Corps. Division, to
operate the Keystone Job Corps ("Job Corps") facility in Drums,
Pennsylvania.  Defendant has operated this facility for at least
fifteen (15) years.  Although there are some non-residential

---

[1] Unless otherwise noted, the background information is derived
from the Statement of Facts section of Defendant's Brief in Support
of Its Motion for Summary Judgment (Doc. 27 at 2-6).  Plaintiff
does not dispute the facts recited here without specific citation.
(*See* Doc. 48.)

students, Job Corps is a residential facility which provides room and board, and training and supervision of its students. Attendance at the facility is voluntary.  Students attend Job Corps for up to two years.  The program provides academic and vocational training as well as personal and professional skill development. Some of the students are minors (under age eighteen (18)) and the facility must obtain the permission of the minor's legal guardian for the student to leave the premises.  This means that a student who leaves the Center for a period of time like a weekend must have the permission of a parent or guardian to obtain the required pass. All students are allowed to participate in activities or shopping trips that are run by the Center.

The facility in Drums is not a fenced facility.  However, the rules require that students be on site unless given permission to go off site.  If a student goes off site without permission, it is a disciplinary infraction and appropriate procedures are followed. The Center Director, Thomas Fitzwater, testified by way of deposition that monitoring of students took place throughout the day while attending classes in that teachers take rolls.  This occurs until approximately 3:15 p.m.  The next check is the midnight dorm check.  Defendant has a security staff that patrols the grounds.

The incident underlying this action took place on November 5, 2005, when three students from the Job Corps were transported to

3

the Laurel Mall by Defendant and went to the parking lot of the
Regal Cinema in Hazle Township, Pennsylvania.  (Doc. 1-3 ¶ 21.)
The students were Joshua Michael Calero-Rodriguez ("Calero-
Rodriguez") (a minor at the time), Sean Everett Caskey ("Caskey")
(also a minor), and Anthony Leroy Spencer, Jr., ("Spencer") (an
adult).  The students were not authorized to leave the facility.
The first notice Defendant had that the students were not on site
was a call from the State Police who were investigating the
incident underlying this case.

The students allegedly began to threaten violence and
intimidation and demand money from teenagers gathered in the
parking lot.  (Doc. 1-3 ¶¶ 22-23.)  Plaintiff refused to give the
students money when they demanded it of him and sustained injuries
when struck by Calero-Rodriguez.  (Doc. 1-3 ¶¶ 24-25.)  The
injuries included headaches and a broken jaw which required several
surgical procedures.  (Doc. 1-3 ¶ 26.)

Based on this incident, Calero-Rodriguez and Caskey were
charged with crimes in juvenile court and Spencer was charged with
and pled guilty to one (1) count of Conspiracy to Commit Robbery,
18 Pa. C.S.A. § 903, in the Luzerne County Court of Common Pleas.
(Doc. 1-3 ¶¶ 29-30.)

Plaintiff asserts that this incident gives rise to a claim for
negligence against Defendant in that Defendant neglected its
supervision duties in several ways, including the following:

4

1) failure to properly supervise the minor defendants; 2) breach of duties *in loco parentis* supervision of the minor defendants; 3) Defendant knew, or should have known of the students' violent and abusive tendencies and/or behavior; 4) negligently entrusting the students to a person who was not properly trained and/or did not properly perform supervision/control duties; and 5) violation of Job Corps policies and procedures.  (Doc. 1-3 ¶ 31.)  Plaintiff also claims Defendant's actions "were wanton and reckless and in total disregard of Plaintiff's rights."  (Doc. 1-3 ¶ 37.)

In his Complaint, Plaintiff seeks damages "in excess of $50,000 for pain and suffering, medical bills and punitive damages, and any and all other relief this Honorable Court deems just and equitable under the circumstances."  (Doc. 1-3 at 7.)

## II. Discussion

### A.   *SUMMARY JUDGMENT STANDARD*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See Knabe v. Boury*, 114 F.3d 407, 410 n.4 (3d Cir. 1997)(*citing* Fed. R. Civ. P. 56(c).  "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue

5

of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the law applicable to the case. *Id.* at 248; *Levendos v. Stern Entertainment Inc.*, 860 F.2d 1227, 1233 (3d Cir. 1988). An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Anderson*, 477 U.S. at 257. In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

The initial burden is on the moving party to show an absence of a genuine issue of material fact. The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Celotex*, 477 U.S. at 325. The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317,

6

324 (1986).  When Rule 56(e) shifts the burden of proof to the non-
moving party, that party must produce evidence to show the
existence of every element essential to its case which it bears the
burden of proving at trial.  *Equimark Commercial Finance Co. v.
C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

"In considering a motion for summary judgment, a district
court may not make credibility determinations or engage in any
weighing of evidence."  *Anderson*, 477 U.S. at 255.  Therefore, when
evidentiary facts are in dispute, when the credibility of witnesses
may be in issue, or when conflicting evidence must be weighed, a
full trial is usually necessary.

**B.   *NEGLIGENCE***

Both in their filings and at oral argument, the parties agree
on the relevant legal principles regarding Plaintiff's negligence
claim.  (*See*, *e.g.*, Docs. 27, 56.)  For the reasons discussed
below, we conclude Plaintiff has not produced evidence which would
allow a reasonable factfinder to conclude the Defendant owed a duty
to Plaintiff.  Because there can be no liability where there is no
duty, summary judgment is proper in this case.

Because jurisdiction in this case is based on diversity of
citizenship of the parties, we apply Pennsylvania substantive law.
*See*, *e.g.*, *Micromanolis v. The Woods School, Inc.*, 989 F.2d 696,
698 (3d Cir. 1993) (citations omitted).  Under Pennsylvania law,
"[t]o establish a common law cause of action in negligence, 'the

7

plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff and the plaintiff suffered an actual loss or damage.'" *Brisbine v. Outside In School of Experimental Education, Inc.*, 799 A.2d 89, 93 (Pa. Super. 2002) *(quoting Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 40 (Pa. Super. 2000)).

Defendant's summary judgment motion is based on the assertion that Plaintiff cannot meet his burden of showing that Defendant owed a duty to Plaintiff.  (Doc. 27.)  Plaintiff does not dispute that this case hinges on the duty element of a negligence claim either in his opposition brief (Doc. 48) or at oral argument.  The parties also agree that duty in this case is based on the duty to control the acts of a third person – here Defendant's duty to control the acts of the person who caused the injury to Plaintiff, Mr. Calero-Rodriguez.[2]

The *Brisbine* case considered the duty of a third party, explaining "[g]enerally, there is no duty to control the acts of a third party unless the defendant stands in some special

---

[2] Although Plaintiff's opposition brief (Doc. 48) alludes to the backgrounds of Mr. Spencer and Mr. Caskey, he makes no legal argument either in his brief or at oral argument that either of these individuals caused the injuries sustained by Plaintiff. Similarly, Plaintiff has not produced any evidence that these individuals exhibited violent behaviors either at the Job Corps facility or before enrolling in the program.  (Doc. 48, Doc. 55 Exs. A, B, F, G.)

relationship with either the person whose conduct needs to be controlled or in a relationship with the intended victim of the conduct, which gives the intended victim a right to protection." 799 A.2d at 93 (citations omitted). *Brisbine* further explained that a special relationship is limited to the relationships found in Sections 316-319 of the Restatement (Second) of Torts. 799 A.2d at 93 (citations omitted). The specific relationships identified are the following: 1) a parents duty to control a child (Section 316); 2) a master's duty to control a servant (Section 317); 3) a possessor of land's duty to control a licensee (Section 318); and 4) the duty of those in charge of individuals with dangerous propensities to control the individuals (Section 319). *Id.*

Here, the only two potentially applicable relationships are that of parent and child and supervisor in charge of a person with dangerous propensities. Because the parties' briefs (Docs. 27, 48, 56) and oral arguments focused primarily on the special relationship addressed in Section 319, we will first discuss liability based the duty of those in charge of a person with dangerous propensities.

Restatement (Second) of Torts § 319 "Duties of Those in Charge of Persons Having Dangerous Propensities" provides that "[o]ne who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to

9

prevent him from doing such harm." As described in *Brisbine*, the comment to Section 319 sets out two situations where the section is applicable.

> The first situation involves an actor who "has charge of one or more of a class of persons to whom the tendency to act injuriously is normal." Restatement (Second) of Torts § 319, cmt. a. The second situation occurs when an actor has charge of a person who has a "peculiar tendency" to act injuriously "of which the actor from personal experience or otherwise knows or should know." *Id.*

*Brisbine*,799 A.2d 93.

Both in its briefing and at oral argument, Defendant makes a strong argument that Plaintiff has failed to produce any evidence that the actor who inflicted the harm on the plaintiff, Mr. Calero-Rodriguez, exhibited any violent or dangerous tendencies prior to the incident at issue in this case. Although Plaintiff looks to Mr. Calero-Rodriguez's documented infractions of rules and policies of the Keystone Job Corps Center, Plaintiff cannot point to a single infraction of the sort which would have alerted Defendant's supervisory personnel that Mr. Calero-Rodriguez possessed violent or dangerous tendencies.

An examination of the record reveals that the infractions which Plaintiff points to as evidence that Defendant should have known of Mr. Calero-Rodgriguez's propensity for violent behavior do not involve a single physical altercation or threat. Rather, the infractions include failure to comply with rules regarding use of

phones and bedchecks, failure to make his bed and failure to attend roll call.  (Doc. 55 Ex. H.)  In the language of Section 319, this evidence does not show that Mr. Calero-Rodriguez was a person "to whom the tendency to act injuriously is normal" or has "a peculiar tendency to act injuriously" which Defendant knew about or should have known about.  Restatement (Second) of Torts § 319, cmt. a.

Similarly, evidence that Mr. Calero-Rodriguez left the facility without permission and thereby violated Keystone Job Corps Center rules is not sufficient, without any indication of a tendency to act injuriously, to establish that Defendant owed Plaintiff a duty pursuant to Section 319.

Further, although Plaintiff makes a generalized argument that Keystone Job Corps students are a special class (*see*, *e.g.*, Doc. 48 at 4-5), Plaintiff has not produced the required evidence to support finding a duty on this basis.  Plaintiff infers that the students are a dangerous group (*id.*), but he has produced *no evidence* that Keystone Job Corps students are "a class of persons to whom the tendency to act injuriously is normal"  Restatement (Second) of Torts § 319, cmt. a.

Because Plaintiff has produced no evidence that Mr. Calero-Rodriguez had a tendency to act injuriously which Defendant knew or should have known about or the students as a class had such a tendency, we conclude, as a matter of law, the evidence upon which Plaintiff relies is insufficient to find Defendant owed Plaintiff a

11

duty pursuant to Restatement (Second) of Torts § 319.

Plaintiff's Complaint also asserts liability based on Defendant's having assumed the parental role, i.e., that Defendant acted *in loco parentis*. "*In loco parentis*" status embodies the assumption of parental status and discharge of parental duties. *Com. ex rel. Morgan v. Smith*, 241 A.2d 531, 533 (Pa. 1968). Where one stands *in loco parentis* to another, the rights and liabilities arising out of the relation are exactly the same as between parent and child. *Young v. Hipple*, 117 A. 185, 188 (Pa. 1922).

> A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent: (a) knows or has reason to know that he has the ability to control his child; and (b) knows or should know of the necessity and opportunity for exercising control.

Restatement (Second) of Torts § 316. The relationship of parent and child imposes upon parents no liability for torts of their child, but parents may be liable where negligence of the parents makes the injury possible. *Frey By and Through Frey v. Smith By and Through Smith*, 685 A.2d 169, 174 (Pa. Super. 1996) (citation omitted). "[I]f the injury might ought to have been foreseen by the parents, their negligence is the proximate cause of the injury." *Id.* (citation omitted).

Here foreseeability is a central issue. While Plaintiff avers

12

that Defendant knew or should have known of the students' violent tendencies, as discussed above, he has not produced evidence which is legally sufficient to support this assertion.   (See Docs. 48, 55.)   Therefore, Plaintiff cannot succeed on his claim that Defendant's liability is based on its *in loco parentis* status.

Other than the sources of duty discussed here, Plaintiff points to no authority which would support his assertion that Defendant owed him a duty and should be liable for negligent supervision of the student who caused him harm.   Although we find this to be a sympathetic case in which Plaintiff suffered significant injuries inflicted by Mr. Calero-Rodriguez, this is not relevant to whether Defendant owed Plaintiff a duty.   Our task is to apply state law in the context of the well-established summary judgment principles under which we operate.   Defendant has pointed to an absence of evidence to support Plaintiff's case on the negligence element of duty, proof of which Plaintiff bears the ultimate burden at trial.   *See Celotex*, 477 U.S. at 325.   Under our summary judgment rules, this shifts the burden to Plaintiff to produce evidence in support of this essential element of his claim. *See Equimark*, 812 F.2d at 144.   Therefore, based on our findings that Plaintiff has not come forward with evidence to support the existence of a duty pursuant to Section 319 or based on an *in loco parentis* relationship and has not established any other recognized source of duty, Defendant is entitled to summary judgment.

13

### III. Conclusion

For the reasons discussed above, Defendant's Motion for Summary Judgment (Doc. 26) is granted.  An appropriate Order follows.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge


DATED: March 11, 2008

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS J. EVANKO,           :

                              :

        Plaintiff,       :CIVIL ACTION NO. 3:06-CV-2440

                              :

        v.                 :

                              :(JUDGE CONABOY)

MANAGEMENT & TRAINING CORP.,  :

                              :

        Defendant.       :

                              :

---

**ORDER**

AND NOW, THIS 11th DAY OF MARCH 2008, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion for Summary Judgment (Doc. 26) is GRANTED;

2. The Clerk of Court is directed to close this case.

                            S/Richard P. Conaboy
                            RICHARD P. CONABOY
                            United States District Judge

15